IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMANDA BLADES,              Plaintiff,        ) | |
| vs. | Civil Action No. 11-26 E |
| | Magistrate Judge Maureen P. Kelly |
| SERGEANT BRUSHAW, CORRECTIONS OFFICER ("CO"), CO MILLER, CO McKUIN SECRETARY JEFFREY BEARD, SUPERINTENDENT WINSTEAD, NURSE FOR, NURSE WILSON,      Defendants. | |

**OPINION AND ORDER**

**KELLY, Magistrate Judge:**

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion"). ECF No. 15. Through the Motion, Defendants seek to dismiss the action filed by Plaintiff Amanda Blades against eight employees of the Pennsylvania Department of Corrections who are alleged to have violated Plaintiff's Eighth and Fourteenth Amendment rights by delaying necessary medical treatment to a woman in labor and keeping or requiring Plaintiff to be kept in handcuffs and shackles while she gave birth to her son in an ambulance while being transported to the hospital. Plaintiff's claims for declaratory relief and compensatory and punitive damages are brought pursuant to the Eighth and Fourteenth Amendments to the U.S. Constitution, 28 U.S.C. § 2201, and 42 U.S.C. § 1983. Defendants contend that Plaintiff's claims are barred by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). For the reasons set forth herein, the Motion is DENIED.

1

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

According to Plaintiff's Complaint, at the time of her incarceration for a nonviolent crime, she was four months pregnant. When she was approximately in her eighth month of pregnancy, Plaintiff began to experience labor pains and was having contractions that were four minutes apart. ECF No. 3. Plaintiff sought immediate medical treatment but, after a long period of needless delay, Plaintiff began to bleed heavily. Plaintiff then was shackled and handcuffed, with a restrictive "black box" attached to the handcuffs, and was transported to the hospital. On the way to the hospital, the baby started to crown. Plaintiff asked for the handcuffs and shackles to be removed; this request was refused, and Plaintiff gave birth to her son. ECF No. 3.

Upon her return to SCI Cambridge Springs, Plaintiff filed two timely written grievances about her treatment during labor and delivery of her son while handcuffed and shackled. ECF No. 16-1, p.4. She did not complete the grievance appeal process in a timely fashion, and her grievances were denied. ECF No. 16-1, pp. 2-13. Plaintiff was subsequently released from SCI Cambridge and filed this action while no longer in DOC custody. ECF No. 3.

Without regard to Plaintiff's status as a released prisoner at the time of filing the Complaint at issue, Defendants' Motion to Dismiss is predicated upon the PLRA's requirement that a prisoner exhaust available administrative remedies. Defendants recite the applicable legal standard requiring exhaustion, explain the DOC appeal process through finality, and attach as exhibits to the motion documents establishing that Plaintiff did not timely appeal the denial of her grievance while an inmate at SCI Cambridge. ECF No. 16. Plaintiff opposes Defendants' Motion to Dismiss averring that the PLRA does not apply to her because, at the time the instant action was filed, she was no longer a prisoner. ECF No. 18.

## II.     STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure examines the legal sufficiency of a complaint. Conley v. Gibson, 355 U.S. 41, 45–46 (1957). In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir.1984). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted). Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at ___, 129 S. Ct. at 1949. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

## III.    DISCUSSION

The requirement that a prisoner exhaust administrative remedies is applicable to all inmate suits relating to prison life-including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available administrative remedies. There

is, parenthetically, no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002). The PLRA also requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, ___, 126 S.Ct. 2378, 2384-88 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). This is the functional equivalent of the procedural default requirement in the habeas context. Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004).

If the PLRA's exhaustion requirement applies to Plaintiff, then clearly she would have defaulted her claim by failing to file a timely appeal from her initial grievances. However, in the context presented here, the issue is whether the PLRA places a burden to exhaust administrative remedies on a released prisoner, i.e., was Plaintiff a "prisoner confined in a jail, prison, or other correctional facility" on the date of the filing of the Complaint thereby making her subject to the exhaustion requirements of the PLRA?

The Court recognizes initially that "[i]t is the plaintiff's status at the time he files suit that determines whether § 1997e(a)'s exhaustion provision applies." Norton v. City Of Marietta, 432 F.3d 1145, 1150, (10th Cir.2005) (*citing* Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir.2005); Ahmed, 297 F.3d at 210. That said, the relevant inquiry here is answered by reference to the statute itself which expressly applies only to "prisoners." Further, the term "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h) (emphasis added). Plaintiff's Complaint alleges that as of the time of the filing of the lawsuit, she was a resident Delaware County, Pennsylvania.  Plaintiff further avers that at the time she filed the

4

lawsuit, she was no longer incarcerated. ECF No. 18-1. Defendants have not challenged this averment. Consequently, the PLRA is inapplicable to this case. See Ahmed, 297 F.3d at 210 n. 10 ("[E]very court of appeals to have considered the issue has held that the PLRA does not apply to actions filed by former prisoners."). In fact, the Court of Appeals for the Third Circuit in Ahmed "expressly adopt[ed]" the view that prisoners who have been released from custody on the date their lawsuit is filed are not barred from filing suit by the provisions of the PLRA. Id. Accordingly, the Defendants' Motion to Dismiss is denied.

## IV.    CONCLUSION

For the foregoing reasons, the Motion to Dismiss is denied. An appropriate Order follows:

**ORDER**

AND NOW, this 10th day of November, 2011, Defendants' Motion to Dismiss (ECF No. 15) is HEREBY DENIED.

BY THE COURT:


/s/ Maureen P. Kelly
United States Magistrate Judge


cc:    All counsel of record via CM/ECF